UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR-05-2084-LRS-3 |
|      Plaintiff, | ) | |
| | ) | |
| | ) | **ORDER GRANTING** |
|   v. | ) | **MOTION TO DISMISS** |
| | ) | |
| LUIS REFUGIO ARAIZA, | ) | |
| | ) | |
|      Defendant. | ) | |
| _____ | ) | |

Pursuant to Fed. R. Crim. P. 48(a), the Government has filed a "Motion For Order Dismissing Indictment" (Ct. Rec. 58). The Government states it is unable to locate the confidential informant and does not believe further efforts will be successful. The Defendant does not object to dismissal, but asserts it should be with prejudice to the re-filing of a new indictment considering Defendant's pending motion to dismiss based on post-indictment delay in arresting the Defendant.

Rule 48(a) provides:

> The government may, with leave of court, dismiss an indictment information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.

The court has limited discretion to deny such a motion. The limitation on the court's discretion is based on separation of powers. The decision whether to prosecute, and the decision as to the charge to be filed, rests in the discretion of the Attorney General or his delegates, the United States Attorneys. A district court is limited in its ability to second-guess the government's decisions on whether and what to prosecute. *U.S. v. Garcia-Valenzuela*, 232 F.3d 1003, 1007

**ORDER GRANTING MOTION TO DISMISS - 1**

(9th Cir. 2000).  The principal purpose of the leave-of-court requirement is "to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection."  *Id*. at 1008, quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15, 98 S.Ct. 81 (1977).

As noted, defendant does not object to dismissal of the indictment.  He asks, however, that the dismissal be with prejudice.  As a general rule, dismissal with leave of court pursuant to Rule 48(a) is considered to be without prejudice and therefore, does not bar subsequent prosecution for criminal acts described in the indictment.  *DeMarrias v. United States*, 487 F.2d 19, 21 (8th Cir. 1973).   In seeking a Rule 48(a) dismissal, the government is entitled to a "presumption of good faith."   *United States v. Welborn*, 849 F.2d 980, 984 (5th Cir. 1988).  A presumption of regularity supports the prosecutorial decisions of the government. *United States v. Armstrong*, 517 U.S. 456, 464, 116 S.Ct. 1480 (1996).

The court finds no evidence of bad faith on the part of the government in seeking to dismiss the indictment against Defendant and rejects any suggestion that the government is seeking to avoid having the court rule on Defendant's motion to dismiss for alleged speedy trial violations.  The court has not made any ruling on the merits of Defendant's motion and will not do so considering the government's decision not to prosecute at this time.  The government's motion to dismiss indicates that without its confidential informant, it does not believe it has sufficient evidence to prosecute the Defendant.  This is a valid, non-conclusory reason for dismissal.  There no indication the government believes it could not have prevailed against Defendant's motion to dismiss for alleged speedy trial violations.  It also bears noting that even had Defendant's motion been considered and granted, it is not a certainty the dismissal would have been with prejudice.

The government's Rule 48(a) motion to dismiss (Ct. Rec. 58) is **GRANTED** and the Indictment against Defendant is **DISMISSED without prejudice**.  All

**ORDER GRANTING MOTION TO DISMISS - 2**

other pending motions (Ct. Rec. 34, 36, 38 and 53), including Defendant's motion to dismiss (Ct. Rec. 53), are **DENIED as being moot**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and provide copies to counsel.

**DATED** this ___21st___ day of May, 2008.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER GRANTING MOTION TO DISMISS - 3**